FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2010 ★
BROOKLYN OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2010 ★
BROOKLYN OFFICE

MAUSKOPF, J.
POLLAK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

LEVI Y. STONE

                    Plaintiff,

-against-

ZWICKER & ASSOCIATES, P.C. and
PAUL W. ZWICKER

                    Defendants.

-------------------------------------------------------------------

CLASS ACTION COMPLAINT

CV 10-4331

**COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4. Plaintiff is a resident of the State of New York who resides in Kings County.

1

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendants, sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, defendants are engaged in the practice of law within the state of Massachusetts and caused the collection letter complained of herein to be sent within the county of Kings, State of New York.

7. Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendants, in the form of an initial written notice. Plaintiff in writing within 30 day thereafter disputed the debt. In a letter dated September 10, 2010, the defendant wrote to the plaintiff confirming the amount owed. Attached as Exhibit A is a redacted copy of the letter. Said letter constitutes an attempt to collect a debt.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendants as of one year prior to the filing up and until twenty (20) days from the date of the filing of Plaintiff's complaint, which attempted to satisfy the legal requirement of verification by stating, in sum and substance that its client had confirmed the balance owed, and who the defendants without any additional verification

2

attempted to collect a debt from. Plaintiff seeks to represent a second class consisting of all consumers with addresses located within the City of New York, who disputed a debt with the defendants and who the defendants continued to attempt to collect the debt from without first sending the consumer the documentation required pursuant to New York City law. Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g.

    b. Whether Plaintiff and the Class have been injured by the defendants' conduct; and

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure

3

and appropriate statutory formula to be applied in determining such damages and restitution.

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights.

18. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendants to the Plaintiff.

21. Collection letters, such as those sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Section 1692g requires the debt collector to cease collection activities where the consumer has timely disputed the debt in writing unless and until the debt collector sends verification of the deb to the consumer.

23. Defendants violated § 1692g, by continuing to collect the debt without providing the consumer with verification.

24. Defendants violated §§ 1692e and 1692f by continuing to collect a debt without giving the required verification pursuant to New York City law.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representatives;

b) Awarding Plaintiff and the class statutory damages;

c) Awarding Plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding Plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:   Cedarhurst, New York
         September 20, 2010

Plaintiff request trial by jury on all issues so triable.

*/s/ Lawrence Katz*

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404

Exhibit A

RETURN MAIL ADDRESS
FOR POST OFFICE USE ONLY
PO Box 101145
Birmingham AL 35210-6145

00054

 Zwicker & Associates, P.C.
Attorneys At Law



THIS LAW FIRM
EMPLOYS ONE OR
MORE ATTORNEYS
ADMITTED TO
PRACTICE IN THE
FOLLOWING
STATES:

LEVI STONE
1051 E 28TH ST
BROOKLYN NY 11210-3741

ARIZONA

CALIFORNIA

*Personal and Confidential*

CONNECTICUT

09/10/2010
File ID:
Re: Chase Bank USA, N.A.
Account No:   1,2,3,4      Balance: $

FLORIDA

GEORGIA

IDAHO

Dear LEVI STONE:

ILLINOIS

This letter will confirm that based on information which this law firm has received from our client, the creditor identified above, as of today's date you owe the amount stated next to the word "Balance" above on the above-identified account.

KENTUCKY

MARYLAND

MASSACHUSETTS

Please contact this office to discuss repayment with Jennifer Dunn, one of our non-attorney account managers.

MICHIGAN

NEW JERSEY

NEW HAMPSHIRE

Very truly yours,

NEW YORK

OHIO

ZWICKER & ASSOCIATES, P.C.

OREGON

TENNESSEE

TEXAS

VIRGINIA

WASHINGTON

WEST VIRGINIA

DISTRICT OF
COLUMBIA

[1] This firm is a debt collector.
[2] Important notices appear on the back of this letter. Please read them as they may affect your rights.
[3] This firm is attempting to collect a debt and any information obtained will be used for that purpose.
[4] Colorado residents: please read important notice on the back of this letter.

***PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW***
Zwicker & Associates P.C. ◆ 80 Minuteman Rd ◆ Andover, Massachusetts 01810-1008
Tel: (800) 370-2251 / (978) 686-2255 ◆ NY City Residents Only: (877) 368-4531

DV00J